Filed 7/22/13  P. v. Whitsett CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ELIJAH MARCUS WHITSETT,<br><br>    Defendant and Appellant. | B245639<br><br>(Los Angeles County<br>Super. Ct. No. TA121002) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John J. Cheroske, Judge.  Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On October 20, 2011, William George Whitsett and another man arrived at Marques Jackson's apartment to drive him to a gathering at the beach. The three men had just reached the car, when Tristan Elliot Williams drove up and stopped. With him was appellant Elijah Marcus Whitsett.[1] Appellant emerged from the car, produced a gun and started firing it at Jackson, hitting him in the head and the back. Jackson fled to his apartment and was later transported to the hospital.

Appellant was charged in a two-count information with attempted willful, deliberate and premeditated murder (Pen. Code, §§ 187, subd. (a), 664)[2] and assault with a firearm (§ 245, subd. (a)(2)). As to both counts, the information alleged appellant had personally used a firearm (§§ 12022.53, subd. (b), 12022.5, subds. (a) & (d)) and a principal was armed with a firearm (§ 12022, subd. (a)(1)). In addition, it was specially alleged appellant had suffered two prior serious or violent felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had previously served one separate prison term for a felony (§ 667.5, subd. (b)).[3]

Appearing with appointed counsel, appellant entered a negotiated plea of no contest to assault with a firearm and admitted one firearm use and one prior strike allegation. The plea agreement provided appellant would waive his right to presentence custody credit, in return for a state prison sentence of 18 years and dismissal of the attempted murder charge and the remaining special allegations.

The record of the plea hearing established appellant was advised of and waived his constitutional rights and was advised of and acknowledged he understood the consequences of his plea. Counsel stipulated to a factual basis for the plea. The trial court found appellant had knowingly, voluntarily and intelligently waived his constitutional rights and entered his no contest plea. In accordance with the plea

---

[1] The Whitsetts are brothers.

[2] Statutory references are to the Penal Code.

[3] William George Whitsett and Tristan Elliot Williams were charged as codefendants. Neither is a party to this appeal.

2

agreement, appellant was sentenced to an aggregate state prison term of 18 years, consisting of eight years (the upper four year term doubled under the Three Strikes law) for assault with a firearm, plus ten years for the section 12022.5 firearm-use enhancement. The court ordered appellant to pay a $40 court security fee, a $30 criminal conviction assessment, a $20 DNA fee and a $1,200 restitution fine. The court imposed and suspended a parole revocation fine pursuant to section 1202.45. The remaining count and special allegations were dismissed on the People's motion.

Appellant filed a timely notice of appeal and checked the preprinted boxes indicating, "this appeal is based on the sentence or other matters occurring after the plea," and "this appeal challenges the validity of the plea or admission." As grounds for seeking a certificate of probable cause, appellant claimed he was unaware he had admitted possessing a gun or shooting anyone in pleading no contest to assault with a firearm. The trial court denied his request for a certificate of probable cause.

We appointed counsel to represent appellant on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On April 3, 2013, we advised appellant he had 30 days in which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1).) Appellant's appeal is inoperative to the extent he is challenging the validity of his plea or admission as well as the 18-year sentence imposed as part of his plea.

With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**